## ERHARDT *v.* BOARO & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Argued January 14, 1885.—Decided March 2, 1885.

Where irremediable mischief, going to the destruction of the substance of the estate, is being done by the person in possession, to an estate in litigation at law, an injunction will be issued to prevent it.

The facts which make the case are stated in the opinion of the court.

*Mr. Elihu Root* for appellant.

*Mr. T. M. Patterson* and *Mr. C. S. Thomas* for appellees submitted on their brief.

Mʀ. Justice Field delivered the opinion of the court.

This is a suit in equity ancillary to the action for the possession of the mining claim just decided. It is brought to restrain

the commission of waste by the defendants pending the action. The bill sets forth the discovery by one Thomas Carroll, a citizen of the United States, while searching on behalf of himself and the plaintiff, also a citizen, for valuable deposits of mineral on vacant unoccupied land of the United States, of the outcrop of a vein or lode of quartz and other rock bearing gold and silver in valuable and paying quantities, the posting by him in his name and that of the plaintiff, at the point of discovery, of a notice that they claimed 1,500 feet on the lode, the intrusion of the defendants upon the claim, their ousting the locators, and other facts which are detailed by the record in the case decided, and the commencement of the action at law. It also alleges that the defendants were working the claim, and had extracted from it one hundred and fifty tons, or thereabouts, of ore, containing gold and silver of the value of $25,000, and that about one hundred tons remain in their possession on the premises. The bill prays for a writ of injunction restraining the defendants from mining on the claim, or extracting ore therefrom, or removing any ore already extracted, until the final determination of the action at law. The principal facts stated in the bill are supported by affidavits of third parties. The court granted a preliminary injunction, but, after the trial of the action at law, judgment being rendered therein in favor of the defendants, it dissolved the injunction and dismissed the bill. From the decree of the court the case is brought here by appeal.

It was formerly the doctrine of equity, in cases of alleged trespass on land, not to restrain the use and enjoyment of the premises by the defendant when the title was in dispute, but to leave the complaining party to his remedy at law. A controversy as to the title was deemed sufficient to exclude the jurisdiction of the court. In *Pillsworth* v. *Hopton*, 6 Vesey, 51, which was before Lord Eldon in 1801, he is reported to have said that he remembered being told in early life from the bench " that if the plaintiff filed a bill for an account and an injunction to restrain waste, stating that the defendant claimed by a title adverse to his, he stated himself out of court as to the injunction." This doctrine has been greatly modified in

modern times, and it is now a common practice in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extracting of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the court is exercised in such cases, through its preventive writ, to preserve the property from destruction pending legal proceedings for the determination of the title. *Jerome* v. *Ross*, 7 Johns. Ch. 315, 332; *Le Roy* v. *Wright*, 4 Sawyer, 530, 535.

As the judgment in the action at law in favor of the defendants has been reversed, and a new trial ordered, the reason which originally existed for the injunction continues.

*The decree of the court below must, therefore, be reversed, and the cause remanded, with directions to restore the injunction until the final determination of that action; and it is so ordered.*