## PENNSYLVANIA R. CO. v. NATIONAL DOCKS & N. J. J. C. RY. CO.

(Circuit Court, D. New Jersey. December 16, 1893.)

### No. 13.

1. FEDERAL AND STATE COURTS—RES JUDICATA.

The decision of a New Jersey circuit court that, on an appeal in a proceeding wherein one railroad company has condemned a right of way across the tracks of another, it has power, under the state statute, to allow an amendment altering the plan of crossing, is, while unreversed, binding on the federal courts, and they cannot interfere on the ground that the state court was without jurisdiction to allow the amendment.

2. SAME—INJUNCTION BY FEDERAL COURTS—CONDEMNATION PROCEEDINGS.

A federal court has no authority, pending the determination of an appeal in condemnation proceedings in the state courts, to preserve by injunction the status quo between two railroad companies in respect to a crossing by one under the tracks of the other, when the condemning company has paid into the state court the assessed compensation, which, by the express terms of a state statute, whose constitutionality has been finally affirmed by the state courts, gives it a right to immediately proceed with the work. Erhardt v. Boaro, 5 Sup. Ct. 565, 113 U. S. 537, and Great Western R. Co. v. Birmingham, etc., R. Co., 22 Eng. Ch. 597, distinguished.

In Equity. Bill by the Pennsylvania Railroad Company against the National Docks & New Jersey Junction Connecting Railway Company for an injunction to restrain the condemnation by defendant of a right of way for its road through the yard of the complainant company in Jersey City. Injunctions were denied in prior stages of the condemnation proceedings. 51 Fed. 858, and 56 Fed. 697. Motion is now made for a preliminary injunction to preserve the status quo pending final disposition of the condemnation proceedings on appeal. Denied.

James B. Vredenburgh, Joseph D. Bedle, and Samuel H. Grey, for complainant.

Dickinson, Thompson & McMaster, J. R. Emery, and C. L. Corbin, for defendant.

ACHESON, Circuit Judge. The complainant invokes the equitable jurisdiction of this court to restrain the defendant corporation from entry upon the complainant's lands,—its terminal yard and premises in Jersey City,—and from constructing its railroad across the same, under condemnation proceedings, pending litigation upon a writ of error from the supreme court of New Jersey to the circuit court of Hudson county, which the complainant and its lessor have obtained, and also until the final determination of any writ of error from the court of errors and appeals, to the judgment of the supreme court which may be sued out by either side hereafter.

It appears that, upon appeal by both sides from the report of the commissioners appointed under the condemnation petition, the circuit court of Hudson county directed an issue, afterwards amended by the allowance of the court, which was tried by a jury, resulting in a verdict finding the value of the land taken, and the damages sustained, to be $95,000. Thereupon, an application

was made to that court by the complainant and its lessor for a new trial, and a stay of all proceedings on the part of the condemning company, and that the cause be certified into the supreme court. But the application was refused; the court being of the opinion that it had no authority to prevent a tender of the amount found by the jury, or payment thereof into court on refusal of such tender, or to stay entry by the condemning company for the purpose of constructing its railroad. The condemning company, the defendant here, after tender to the attorney of record of the land-owning companies, and refusal by him, paid into court the amount found by the jury. Judgment having been entered upon the verdict, a writ of error, at the suit of the present complainant and its lessor, issued from the supreme court to the circuit court of Hudson county. Upon return of the writ of error, application was made by the plaintiffs in error to the supreme court for an order staying the defendant in error, the condemning company, from taking possession of the lands and crossing described in the issue brought up by the writ. This application, however, was denied; the supreme court holding that it had no power to grant such stay, and "that the right to enter into possession of said lands, and right of crossing, is conferred by the statute under which the proceedings of the defendant in error were taken."

These condemnation proceedings, at a preliminary stage, were before the court of errors and appeals of New Jersey. National Docks & N. J. J. C. Ry. Co. v. United Companies, 53 N. J. Law, 217, 21 Atl. 570. That court there adjudged that one railroad company may condemn a right to cross the lands of another company of the same character, although the lands be necessary for the railroad purposes of the latter company; that it is competent for the condemning company, in its petition, to define a lawful manner in which it will cross the lands of the other company, and that the projected plan of crossing the complainant's yard, railroad tracks, and lands, as designated in the petition, although attended with serious inconvenience and damage to the complainant, was a lawful crossing. By the plan of crossing defined in the condemnation petition, and which was the basis of the report of the commissioners, the condemning company proposed to cross the complainant's terminal yard and tracks by an under-grade crossing through a walled cut open at the top; the walls being of a specified thickness and height, and extending from the northerly side of Railroad avenue to, and uniting with, the walls which support the main tracks of the complainant's railroad. After appeal, and before trial, the circuit court of Hudson county, at the instance of the condemning company, and against the objections of the complainant, permitted an amendment of the plan of crossing, whereby, in lieu of the described walled cut, an under-grade archway or tunnel was substituted. The court was of the opinion that the proposed arched construction would least damage the complainant, and best promote the public use to which both railroads are devoted, and that the amendment was not only within the scope of, and warranted

by, the fourth section of "An act concerning the taking of property for public use," approved March 9, 1893, but that, independent of that statute, the court had authority to allow the amendment.

The bill of complaint charges "that there was no jurisdiction whatever in the said circuit court to make or permit the said amendment, and to subject your orator to a trial on appeal upon the issue as amended;" and the complainant seeks, by the preventive writ of injunction, to preserve the status quo until the legal rights of the parties shall be determined finally. In support of its claim to this equitable relief the complainant cites the cases of Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, and Great Western R. Co. v. Birmingham, etc., R. Co., 22 Eng. Ch. 597, and other like cases, in which courts of equity have interposed to stay the hand of a defendant, and conserve the status of property, pending litigation in a court of law involving the title thereto. The bill virtually concedes that no such stay as is here sought is obtainable by supersedeas in the courts of law of New Jersey. Indeed, it is because, in this regard, the complainant is remediless at law, that it has come into this forum. Under the circumstances of the case, is there any warrant for our equitable interference?

Now, it is to be noted, first, that there has been no change in the place of crossing the complainant's property, nor in the line of the defendant's adopted route. The amendment complained of related to the method of crossing,—the plan of construction. Moreover, the under-grade feature of the crossing has been retained; and the bill does not allege, nor is it shown, that the substituted plan of crossing is more detrimental to the complainant than the original plan. But a still more important consideration is that the circuit court of Hudson county is a court of general jurisdiction, and undoubtedly had rightful cognizance of the question of the allowance of the amendment. The court had control of the parties and subject-matter of controversy, and the question arose in the progress of the cause. The decision, then, and all the court's rulings during the course of the trial, so long as its judgment remains unreversed, must be accepted by this court as correct and binding. Peck v. Jenness, 7 How. 612, 624; Cornett v. Williams, 20 Wall. 226, 249; Nougue v. Clapp, 101 U. S. 551.

What, then, was the effect of the verdict and judgment, and the payment into court of the amount found by the jury? The statute—the general railroad law of New Jersey—gives no uncertain answer. Revision § 101, reads thus:

"But in case the party or parties entitled to receive the amount assessed by the commissioners in case there shall be no appeal, and in case of appeal the amount found by the jury, shall refuse, upon tender thereof being made, to receive the same, or shall be out of the state or under any legal disability, then the payment of the amount assessed or found as aforesaid into the circuit court of the county wherein the said lands lie shall be deemed a valid and legal payment; * * * and on such tender or payment of the money into court, in case it be refused as aforesaid, * * * then the said company, upon payment of the amount so assessed or found as aforesaid into said circuit court, shall be empowered to enter upon and take possession of the said lands and proceed with the work of constructing its road."

In view of this provision of the statute, it is quite plain that the principle of the cases of Erhardt v. Boaro, supra, and Great Western R. Co. v. Birmingham, etc., R. Co., supra, has no application here; for the defendant's right of entry, to the end that it may proceed to the performance of its public duty, is fully established, if this clause of the statute be constitutional. But under the decisions of the state courts the constitutionality of this legislation seems to be no longer an open question. Doughty v. Railroad 'Co., 21 N. J. Law, 442, 452; Cooper v. Railroad Co., 19 N. J. Eq. 199; In re Drainage of Lands, etc., 35 N. J. Law, 497, 507; Mercer & S. Ry. Co. v. Delaware & B. B. R. Co., 26 N. J. Eq. 464; Packard v. Railway Co., 48 N. J. Eq. 281, 287, 22 Atl. 227; Jersey City, etc., Ry. Co. v. Central R. Co., 48 N. J. Eq. 379, 22 Atl. 728. The doctrine deducible from the unbroken line of adjudications is that payment into court, conformably with the terms of the statute, of the amount found by the jury, satisfies the requirements of the constitution of New Jersey, and that the condemning company, thereupon, is authorized to enter into possession of the lands taken for public use. Upon such a subject it is the undeniable duty of the circuit court of the United States to follow the authoritative decisions of the state courts.

It need only be added that if the pending writ of error should result in a reversal of the judgment of the circuit court of Hudson county, presumably, restitution of possession will be ordered; and it does not appear that the damages which, in the mean time, the complainant might sustain, would be of an irreparable character.

For the reasons thus expressed, and without considering the other objections made by the defendant, I am constrained to deny the application for an injunction.

The motion for a preliminary injunction is denied, and the restraining order heretofore granted is revoked.