NORTHERN PAC. RY. CO. v. SODERBERG.

(Circuit Court, D. Washington, N. D. March 14. 1898.)

1. PUBLIC LANDS—RAILROAD GRANTS— DETERMINATION OF CHARACTER OF LAND.
   In a suit to enjoin the removal of stone from unsurveyed lands which would fall within the odd sections of a railroad grant, the court will not undertake to determine, in advance of a decision by the land department, the question as to whether the land is mineral or nonmineral.

2. SAME—WASTE BEFORE TITLE DETERMINED—INJUNCTION.
   A railroad company has an interest in the odd-numbered sections within its grant, and, before the question of the mineral or nonmineral character of such land has been determined by the land department, the commission of waste thereon calculated to work irreparable injury to the land itself will be restrained, the court retaining the case for further consideration after such question shall have been determined.

3. SAME—INJUNCTION TO RESTRAIN REMOVAL OF STONE—ADVERSE ENTRY AFTER SUIT.
   A suit to restrain the removal of stone from an odd-numbered section within a railroad grant, before the mineral or nonmineral character of the land has been determined, cannot be defended on the ground of an entry, made by defendant after the suit was commenced, under Act Aug. 4, 1892, authorizing the entry of land chiefly valuable for building stone, where such entry was not put in issue by proper plea.

This was a suit in equity by the Northern Pacific Railway Company against J. A. Soderberg, to enjoin him from working a granite quarry on certain lands claimed by the complainant.

86 F.—4

Fred M. Dudley, for complainant.
Geo. H. Fortson, for defendant.

HANFORD, District Judge.    This is a suit for an injunction to restrain the defendant from working a granite quarry in unsurveyed land, which, when surveyed, will be within the lines of an odd-numbered section within the place limits of the Northern Pacific Railroad Company's land grant, and to prevent the defendant from removing and selling building stone taken from said quarry.    The main question upon which the parties have joined issue is whether the particular subdivision of land within which the quarry is situated is mineral or nonmineral, within the intent and meaning of the act of congress granting lands to the Northern Pacific Railroad Company to aid in the construction of its main and branch lines.    The decisions of the supreme court establish the rule that, where lands of a particular class or description have been granted by an act of congress, without making other particular provision as to the manner in which the same are to be identified, questions as to the character of lands within the limits of the grant, which are claimed under it, are to be decided in the first instance by the officers of the land department, and that decisions of such questions made in the land department are conclusive, unless impeached for fraud, or overruled by the courts on the ground of error in the interpretation or application of the law.    Steel v. Refining Co., 106 U. S. 447–457, 1 Sup. Ct. 389; Heath v. Wallace, 138 U. S. 573–587, 11 Sup. Ct. 380; Barden v. Railroad Co., 154 U. S. 288–349, 14 Sup. Ct. 1030; Rogers Locomotive Machine Works v. American Emigrant Co., 164 U. S. 559–577, 17 Sup. Ct. 188.    In the case of Barden v. Railroad Co. the supreme court of the United States, having under consideration this identical land grant, ruled that the law places under the supervision of the interior department and its subordinate officers acting under its direction the control of all matters affecting the disposition of public lands of the United States, and that the officers of said department are especially authorized to determine whether lands claimed under any particular law or congressional grant, are swamp lands, timber lands, agricultural lands, or mineral lands, and to so designate them in the patents which it issues.    The decision is direct and positive to the point that the land department has power to determine the question as to the mineral or nonmineral character of any particular tract claimed under the grant, and that its decision of such question must be accepted by the courts as conclusive. In the opinion of the court by Mr. Justice Field, the rule is laid down as follows:

"There are undoubtedly many cases arising before the land department in the disposition of public lands where it will be a matter of much difficulty on the part of its officers to ascertain with accuracy whether the lands to be disposed of are to be deemed mineral lands or agricultural lands, and in such cases the rule adopted that they will be considered mineral or agricultural as they are more valuable in the one class or the other, may be sound.    The officers will be governed by the knowledge of the lands obtained at the time as to their real character.    The determination of the fact by those officers that they are one or the other will be considered as conclusive."

This suit has reference to unsurveyed land, the mineral or nonmineral character of which has not yet been determined. This court therefore will not, at this time, offer advice to the land department by deciding the question in advance. However, the complainant has an interest in the odd-numbered sections within its grant, entitling it, while questions as to its title are in abeyance, to preventive relief by an injunction to restrain the commission of waste, as by the cutting or destruction of timber, the mining and extracting of coal, the quarrying and removing of building stone, or the destruction of native grass giving value to lands for grazing purposes, or other like acts calculated to work irreparable injury to the land itself. Erhardt v. Boaro, 113 U. S. 537–539, 5 Sup. Ct. 565; Lanier v. Alison, 31 Fed. 100; Railroad Co. v. Hussey, 9 C. C. A. 463, 61 Fed. 231.

In his argument, counsel for the defendant makes the point that the testimony shows that the defendant is holding possession of the land in controversy in pursuance of an entry which he has made thereon under the act of congress approved August 4, 1892, providing that lands which are chiefly valuable for building stone may be entered, and title thereto acquired, under the laws of the United States relating to placer mineral claims. 2 Supp. Rev. St. p. 65. I hold, however, that the defendant has no right to defend on this ground, for the reason that he does not, in his answer, plead any such right, and the testimony shows that the notice of his claim posted on the land was dated a long time after this suit was commenced. He cannot prevail by virtue of a right initiated after the suit was commenced, and not put in issue by an answer or plea. A decree will be entered granting an injunction as prayed for, with a proviso at the foot of the decree retaining the case for further consideration; and when the question as to the mineral or nonmineral character of the land shall have been determined by the land department, supplemental pleadings may be filed by either party, and the injunction will then be made perpetual, or the case dismissed, as the right of the parties shall then be made to appear.