### WALLULA PAC. RY. CO. v. PORTLAND & S. RY. CO.

(Circuit Court, E. D. Washington, S. D. October 19, 1906.)

No. 6.

1. COURTS—FEDERAL COURTS—JURISDICTION — FEDERAL STATUTES — CONSTRUCTION.

Where complainant, a Washington railroad company, had complied with all the provisions of Act Cong. March 3, 1875, c. 152, § 1, 18 Stat. 482 [U. S. Comp. St. 1901, p. 1568], conferring on railroad companies duly organized, etc., a right of way over the public lands of the United States, sought to restrain defendant railroad company, also incorporated under the laws of Washington, from trespassing on complainant's alleged right of way over public lands along the north bank of the Columbia river, on which complainant alleged it intended to construct its railroad in the future, the jurisdiction of the federal court was sustainable on the ground that the case involved the construction of such federal statute.

[Ed. Note.—Jurisdiction in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

2. PUBLIC LANDS—RAILROAD RIGHT OF WAY—CONTEST—DETERMINATION OF INTERIOR DEPARTMENT.

Complainant had fully complied with Act Cong. March 3, 1875, c. 152, § 1, 18 Stat. 482 [U. S. Comp. St. 1901, p. 1568], but the Secretary of the Interior had not given his approval nor acted upon the matter pursuant to the provisions of section 4 of the act. Held that, while not so expressly deciding, the rule apparently is that the approval of the Secretary is not necessary in order to pass the fee, or such title or estate as Congress intended to grant, and, in this view, there is a complete remedy by an action for possession, and equity cannot intervene when the remedy is adequate at law. Held, further, that if the statute is not subject to this construction, and the approval of the Secretary is necessary to complete the grant, that the court is without jurisdiction to interfere, so long as the matter is pending before the Department, to any greater extent than is necessary to preserve the status quo pending the decision of the matter by that tribunal, the necessity for which in this case is not disclosed by the bill.

[Ed. Note.—Jurisdiction of federal courts in suits under public land laws, see note to Bailey v. Mosher, 11 C. C. A. 314.]

3. INJUNCTION—SUBJECTS OF RELIEF—WASTE.

The modern rule is that one out of possession, claiming title, may seek the aid of equity to enjoin acts which will work irreparable injury to, or destruction of, the inheritance, such as the cutting of timber, the removal of ores, or the like; but the acts complained of do not bring the case within that rule.

Ralph E. Moody, for complainant.
James B. Kerr, for defendant.

WHITSON, District Judge.   Complainant and defendant are both corporations organized under the laws of this state.  The object of the suit as set up in the amended bill of complaint is to prevent the defendant, by injunction, from trespassing upon a right of way over the public lands on the north bank of the Columbia river in this district, to which it claims to be entitled under the Act March 3, 1875, c. 152, § 1, 18 Stat. 482 [U. S. Comp. St. 1901, vol. 2, p. 1568].  The steps taken are set out in detail, from which it appears that full compliance has been made both with the requirements of the act and the regulations prescribed under it.  It is alleged that the complainant intends to use the right of way thus acquired by it upon which to construct a railroad, but that the defendant has unlawfully entered upon and is now engaged in building a railroad thereon, and threatens to continue the construction thereof, and to occupy said right of way, and to exclude complainant therefrom, which will defeat it of its right to build the railroad which it now has and had in contemplation when it complied with the provisions of the act of Congress, which violation of its rights will result in irreparable injury.

It is admitted that, unless a construction of this federal statute is essential to a decision of the case, the court is without jurisdiction; but assuming, as it must be assumed for the purposes of the present inquiry, and as the bill discloses, that the complainant is competent to receive, is entitled to the benefits, and has strictly complied with the provisions of the act under which it claims, I concur in the conclusion reached by Judge Hanford in the Western district, where the identical question was presented between the same parties, that the facts disclosed are sufficient to sustain the jurisdiction upon the ground that a federal question is involved.   Mountain View Mining & Milling Co. v. McFadden, 180 U. S. 535, 21 Sup. Ct. 488, 45 L. Ed. 656: Spokane Falls Railway Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, 42 L. Ed. 79; Powell v. Brunswick County, 150 U. S. 433–440, 14 Sup. Ct. 166, 37 L. Ed. 1134; McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237.

It is urged that the case presented is not one of equitable cognizance. This objection suggests three phases:

First.  If the survey and filing of the map vested the fee, or such title, easement, or estate as Congress intended to grant, in the complainant, then it is a legal, not an equitable, title, which should be asserted in an appropriate action at law.   In that view section 723 of the Revised Statutes [U. S. Comp. St. 1901, p. 583] prohibits the Circuit Court from entertaining a cause in equity where there is a "plain, adequate and complete remedy at law."    Section 1 of the act has been held to be a grant in præsenti.   Railway Company v. Alling, 99 U. S. 463, 25 L. Ed. 438;  Noble v. Railroad Company, 147 U. S. 165, 13 Sup. Ct. 271, 37 L. Ed. 123.   In commenting upon the Noble Case in Jamestown & Northern Railroad Company v. Jones, 177 U. S. 130, 20 Sup. Ct. 570 (44 L. Ed. 698) it was observed:

"This case establishes that a railroad company becomes specifically a grantee by filing its articles of incorporation and due proofs of its organization under the same with the Secretary of the Interior. It was also so held by Mr. Secretary Vilas in Dakota Central Railroad Co. v. Downey, 8 Land Dec. Dep. Int. 115."

In that case, however, the map had been approved by the Secretary of the Interior, while in the one at bar the approval is still in abeyance. In the light of these authorities, and of the language of the act itself, while not expressly so deciding, I strongly incline to the view that in complying with the requirements of the act the complainant fully acquired the right to enjoy its benefits. If this be correct, it has disclosed facts from which it follows that it has the naked legal title, and this precludes the remedy in equity upon the bill as framed, but

Second. If the survey and filing of the map created an inchoate right only, and the approval of the Secretary of the Interior is required under section 4 of the act, and the matter must abide his determination as to the sufficiency of the proceedings, and his approval must be awaited before whatever title or estate the act grants vests in the complainant, then we are met with the objection that it is not competent for the courts to interfere with a matter of this character until it has been finally disposed of by the department. To render a decision while the matter is still pending in that tribunal would be assuming to do that which the court in Northern Pacific Railway Company v. Soderberg (C. C.) 86 Fed. 51, declined to do in this language:

"This suit has reference to unsurveyed land, the mineral or nonmineral character of which has not yet been determined. This court therefore will not, at this time, offer advice to the Land Department by deciding the question in advance."

In adhering strictly to this rule, the Supreme Court, in Cosmos Co. v. Gray Eagle Co., 190 U. S. 301–315, 24 Sup. Ct. 860, 47 L. Ed. 1064, said:

"Concluding, as we do, that the question whether the complainant has ever made a proper selection of land in lieu of the land relinquished, has never been decided by the Land Department, but is still properly before that department, the courts cannot take jurisdiction and proceed to decide such question themselves. The government has provided a special tribunal for the decision of such a question arising out of the administration of its public land laws, and that jurisdiction cannot be taken away from it by the courts. United States v. Schurz, 102 U. S. 378, 395 (26 L. Ed. 167)."

Third. The only remaining grounds upon which it can be contended that equity may intervene are that, so long as the matter is pending before the Department of the Interior, the status quo ought to be preserved, or that one not in possession, but claiming title, can have the aid of equity to enjoin waste until the title can be tried. These grounds are perhaps identical, at least they are referable to the same principle of law.

It has been held that the cutting of timber upon lands the title of which is in dispute will be enjoined regardless of the defendant's solvency or ability to respond in damages. Wood v. Braxton et al. (C. C.) 54 Fed. 1005. In Lanier v. Alison and another (C. C.) 31 Fed. 100, it was said that the ancient rule has been greatly modified, and

in cases where irremediable mischief is being done or threatened, such as the extracting of ores from a mine, or the cutting down of timber, an injunction will issue though the title to the premises be in litigation. This principle was referred to by the Supreme Court in Cosmos Co. v. Gray Eagle Co., 190 U. S. 315, 24 Sup. Ct. 860, 47 L. Ed. 1064, where jurisdiction was denied, in the following language:

"The bill is not based upon any alleged power of the court to prevent the taking out of mineral from the land, pending the decision of the Land Department upon the rights of the complainant, and the court has not been asked by any averments in the bill or in the prayer for relief to consider that question."

Undoubtedly, that reference was made in view of the decision in Erhardt v. Boaro, 113 U. S. 538, 5 Sup. Ct. 566 (28 L. Ed. 1116), from which the following quotation is made:

"This doctrine has been greatly modified in modern times, and it is now a common practice, in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extracting of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the court is exercised in such cases, through its preventive writ, to preserve the property from destruction pending legal proceedings for the determination of the title."

The modern rule clearly is that courts of equity are not impotent to protect one claiming to be the owner of real property, who is out of possession, from irreparable injury to the estate until such time as the legal title can be tried out. This doctrine was followed in Northern Pac. Ry. Co. v. Soderberg, supra, where an injunction was granted against the removal of granite from a quarry situate upon the land, pending a decision of the Land Department. And so cases might be multiplied holding to the same view.

In this case the bill alleges that the defendant is in possession constructing a railroad and claiming title; that the complainant desires to construct a railroad upon the same right of way. It is not alleged that the complainant is engaged in the construction of its road, nor that the legal title is being tried in any other tribunal, and that therefore the aid of the court is sought to preserve the property intact to await the decision. Now, if the defendant should complete its railroad before the complainant succeeds in establishing its title and recovering possession of its property, then it would find thereon a railroad which it might utilize, and it might be saved the expense of constructing a line of its own. It is not alleged that the manner of construction being adopted by the defendant will be destructive of the estate to such an extent that the complainant cannot use it for the construction of its railroad. The inheritance is not being destroyed, as in the case of the removal of coal, precious metals, or the cutting of timber. The case therefore does not fall within the rule which complainant would invoke.

Perhaps, a case might be presented where equity would afford relief, as in Sioux City & D. M. Ry. Co. v. Chicago, Milwaukee & St. Paul Rd. Co. (C. C.) 27 Fed. 770; but the allegations do not present a state of facts similar to those under consideration in that case.

The conclusion must be that the bill does not disclose a cause which entitles complainant to relief in equity, and the demurrer will accordingly be sustained, and the application for an injunction denied.