ANDREW J. FREEMANS v. WILSON E. AMMONS ET AL.

[46. South., 61.]

EQUITY. *Injunction. Cutting trees. Waste. Land in suit.*

> Where the title to land is involved in litigation, either party may enjoin the other from cutting timber, or otherwise committing waste, thereon pending the suit.

FROM the chancery court of Quitman county.

HON. PERCY BELL, Chancellor.

Freemans, appellant, was complainant in the court below; Ammons and others, appellees, were defendants there. From a decree dissolving an injunction the complainant appealed to the supreme court.

The facts are stated in the opinion of the court.

*Williams & Simpson* and *McWillie & Thompson,* for appellant.

The court will observe that the amended bill made this a suit to confirm tax titles to lands and, therefore, it is a suit for the possession of real estate after adjudication of the validity of the complainant's title.

The motion being to dissolve the preliminary injunction, without any answer having been filed and without even a demurrer to the bill, there was not, nor could there have been, any issue of fact to be tried by the court below. In the absence of an answer, on a motion to dissolve the injunction for want of equity on the face of the bill, the averments of the bill are taken to be true, and it was error for the court below to have heard affidavits or to have questioned in any way the integrity of the averments of the bill.

Pending a suit in equity, or at law for that matter, an injunction may be granted and frequently is granted to pre-

serve in *statu quo* the property involved, until a final settle-
ment of the right of title. 22 Cyc., 821. The court below
seems to have overlooked the fact that the injunction which
it dissolved was one for the preservation of the property pend-
ing the suit and to have erroneously gotten off into questions
pertaining to the injunction of trespasses to land, a wholly
separate, independent and distinct branch of the law from
that involved in this case. We have in our statutes a recogni-
tion of the equity upon which we ask a reversal of the decree
from which the appeal in this case is prosecuted. Code of
1906, § 810; Code of 1892, § 748; Code of 1880, § 1729.
These Code sections provide that in all actions in which the
right to real or personal property is in controversy the court
or judge thereof may make an order for the protection of the
property in controversy from waste and destruction and to
prevent the removal of personal property beyond the juris-
diction of the court, upon satisfactory proof being made of the
necessity for such order, etc.

Under Code of 1880 it was not even necessary for the party
asking the injunction for the protection of the property to give
bond. These sections of the several codes are not limited
to the circuit court, although they are found in the chapter
entitled " Circuit Courts." By Code of 1880, § 1585; Code
of 1892, § 629; Code of 1906, § 687, it is provided that all
things contained in the chapter on " Circuit Courts " not re-
stricted by their nature or by express provision to circuit
courts shall be the rule of decision and proceeding for all
courts whatsoever, and thus in each of said codes the section
pertaining to the preservation of property pending suits is
applicable to all courts.

We refer to the Code sections only because they contain a
statutory recognition of an equitable principle which ought to
have been respected in this case in the court below. That prin-
ciple is this, and it is a principle of equity and right; no liti-
gant has a right to destroy or impair the value of the subject

91 Miss.—43

matter of controversy pending a suit for it or about it. Every litigant owes a duty to his adversary to preserve the subject matter of the litigation until it shall be determined who of the contestants is its owner. This principle is recognized throughout the books. In *Johnson* v. *Hall* (Ga.), 9 S. E., 783, the court, at the instance of each party, restrained the other party to a suit from destroying or injuring the subject matter in controversy. In *Buskirk* v. *King*, 72 Fed. Rep., the equity above mentioned is pointedly recognized and it is adjudged that the solvency or insolvency of the party enjoined is of no consequence. The richest man that ever lived has no right to destroy the subject matter of a suit which he has with his neighbor, although he is able to pay for it a thousand times over. His right in this regard is no greater than that of a pauper. Our statutory recognition of the rule gives no countenance to wealth on the one hand or poverty on the other.

It is said in the case of *Erhardt* v. *Boaro*, 113 U. S., 537, by Justice Field that: " It is now a common practice where irremedial mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extraction of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the court is exercised in such cases through its preventative writ to preserve the property from destruction pending legal proceedings for the determination of the title." It will be noted that " the cutting down of timber " is treated by the Supreme Court of the United States as irremedial mischief.

And the same doctrine is announced in the case of *St. Louis, etc., Co.*, v. *Montano, etc., Co.*, 58 Fed., 129. Still more important and to the point is *Kyle* v. *Rhodes*, 71 Miss., 487; s.c., 15 South., 40, a case wherein this court, Woods, Justice, delivered the opinion, fully recognized the equity. There the possession of the vendee of land, under a contract to convey it, was forcibly invaded by the vendor, and the former on filing a

bill of complaint for specific performance of the contract was held to be entitled to an injunction to restrain the defendant pending the suit from entering and trespassing on the land. The solvency of the defendant was not a factor in the case.

It is unnecessary in these cases for the complainant to be more than *prima facie* entitled to recover. If a party asking an injunction shows a reasonable ground for the belief that he may ultimately become successful he is entitled to the injunction. If the litigation is in good faith on the part of the party seeking the injunction he is entitled to the writ to protect the property pending the suit.

*A. H. Stephen,* for appellee.

It seems strange that the affidavits read in the court below at the hearing of the motion to dissolve the injunction should be so emphatically declared by counsel to have been improperly read, when they are provided for by Code 1906, §§ 618, 620, and when it appears from the record that they were taken as provided by law.

Equity will not relieve by injunction when the injunction requires a change of possession of the property yet in litigation and unsettled. The complainant must first establish his right at law. 16 Am. & Eng. Ency. Law (2d ed.), 364, par. 9. Especially so in this case, for defendants claimed only the timber, and had the right to remove it until January 1, 1908. Had the injunction been upheld by the chancellor, before the matter could have been finally heard the complainant would have been outlawed even if he had succeeded in establishing his title. In cases of this kind where complainant's title is disputed, and the adverse party in possession, equity will not interfere where it would cause the opposing party to give up his possession, and suffer any such injury. 22 Cyc. 818 (b), 821 (c), 822 (c), 826 (ii), *McLaughlin* v. *Green,* 48 Miss., 175; *Eskridge* v. *Eskridge,* 52 Miss., 522; *Nevitt* v. *Gillespie,* 1 How. (Miss.), 108.

" In determining whether an injunction should be dissolved the court should always consider the inconvenience and injury which continuance will cause to the defendant or which a dissolution will cause to the complainant, and its discretion should always be exercised in favor of the party who is most likely to suffer injury. Stating this proposition in another form the court on motion to dissolve will balance the inconvenience which would arise from continuing the injunction, and from dissolving it; and if there is a greater risk of doing mischief by continuing the injunction than by dissolving it, it will be dissolved." 16 Am. & Eng. Ency. Law (2d ed.), 425.

It is not charged that defendants are insolvent, and even in the absence of the affidavit of Ammons, showing his solvency, and so strenuously objected to by counsel for appellant, he must be presumed to be solvent. Complainant had an adequate remedy at law, he could have recovered for all of the timber wrongfully cut, so it is not in the province of equity to interfere. *North Lumber Co.* v. *Gary,* 83 Miss., 640; s.c., 36 South., 2.

Whitfield, C. J., delivered the opinion of the court.

This is an appeal from a decree dissolving an injunction; the motion to dissolve being unaccompanied by any answer, and there having been no demurrer to the bill or the amended bill. The injunction was issued to restrain the cutting of cypress trees until the final adjudication of title on the amended bill to confirm a tax title. The principle controlling the case is thus set forth in *Erhardt* v. *Boaro,* 113 U. S., 537; 5 Sup. Ct., 565; 28 L. Ed., 1116: " It is now a common practice, where irremedial mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extraction of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the court is exercised in such cases through its preventive writ to preserve

the property from destruction pending legal proceedings for the determination of the title."

The decree is reversed, the injunction reinstated, and the cause remanded, to be proceeded with on its merits.

*Reversed.*