SURVEL REALTY CORPORATION, Plaintiff, *v.* BROOKLYN EDISON COMPANY, Defendant.

Supreme Court, New York County, June 13, 1928.

*M. H. Cheeger* [*S. Stanwood Menken* of counsel], for the plaintiff.

*Monroe & Byrne* [*John D. Monroe* of counsel], for the defendant.

VALENTE, J. Plaintiff, the owner of an apartment house, seeks to restrain the defendant *pendente lite* from discontinuing electric service to its building. Notwithstanding the various collateral issues sought to be raised, the main issue is the right of the defendant to adopt a regulation whereby owners of apartment houses are denied the right to supply electricity through a master meter furnished by the landlord, instead of through individual meters supplied by the

company. Plaintiff claims that the privilege is not withheld from office buildings, apartment hotels and hotels; that it is unjust and discriminatory and deprives it of the privilege of profiting from the installation of its expensive equipment. It seems, however, that the redress of such a grievance lies in the first instance with the Public Service Commission. This appears from section 65 of the Public Service Commission Law as amended* and from *City of New York* v. *New York Edison Co.* (196 App. Div. 644). It also follows from the construction adopted by the Federal courts of the analogous powers of the Interstate Commerce Commission. In fact, a complaint against this rule is actually pending. While its reasonableness should not in the first instance be tested by this court, the question remains whether the *status quo* should not be preserved until the Public Service Commission acts. Defendant, however, complains that the present arrangement of wiring by the plaintiff is unsafe.

Upon condition that plaintiff will permit defendant to enter upon the premises and at plaintiff's expense take any steps necessary for the safety of its wires and apparatus, except to cut off the supply of electricity, and that it furnish an undertaking in the sum of $2,000, the temporary injunction will be granted, to continue until the determination by the Public Service Commission as to the reasonableness of the regulation as applied to apartment houses.

---

*See, also, Laws of 1921, ·chap. 134; Laws of 1923, chap. 898, and Laws of 1930, chap. 789.— [REP.