F. BURKART MFG. CO. v. CASE et al.

No. 8613.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1930.

Sam T. Poe, of Little Rock, Ark. (Tom Poe and McDonald Poe, both of Little Rock, Ark., on the brief), for appellant.

Carmichael & Hendricks and Owens & Ehrman, all of Little Rock, Ark., for appellees.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

Appellant was denied a temporary injunction in aid of its suit to remove a cloud from the title of certain lands claimed by it.

It alleged in its bill that it was the owner and in possession of a body of land situated in the state of Arkansas, and that the appellees claimed an adverse interest and were removing the timber therefrom. Appellant asked for and was granted a temporary restraining order against the appellees to prohibit the removal of the timber.

Upon motion for a temporary injunction a hearing was had, and, at the conclusion of the evidence, the court denied said motion for the reason that the insolvency of the appellees was not established. Thereupon, the temporary restraining order, previously granted, was dissolved.

It is asserted upon this appeal that, according to the evidence, the appellees were committing irreparable injury to said real estate and that the trial court erred in refusing to grant a temporary injunction.

The appellees have not appeared to contest on the merits, but have filed a motion to dismiss the appeal upon the ground that the alleged trespass has ceased, and that they are no longer removing the timber from said land.

It is urged by the appellees in support of their motion that the controversy is now purely moot, and that therefore the motion to dismiss should be sustained.

■ 1. Adverting to the motion to dismiss, the facts stated therein by the appellees are disputed by the appellants. Moreover, the appellees merely assert that they have ceased from taking timber from said land, but they still assert ownership and rights thereon. They do not disclaim a purpose to resume further trespass. They do allege that they have removed all the available timber. Under such circumstances, this court could not hold that the controversy has become moot. United States v. Workingmen's Amalgamated Council of New Orleans et al. (C. C.) 54 F. 994, 26 L. R. A. 158; Mobile Gas Co. v. Patterson et al. (D. C.) 288 F. 890.

■ Furthermore, the record shows that, when the temporary restraining order was issued by the trial court, the appellant was required to give bond. If the case should be dismissed, a liability would accrue on said bond in favor of the appellees and against the appellant. If the judgment of the trial court should be left unreversed, appellant therefore would be precluded as to facts vital to its rights. That being true, it is not merely a moot question. 4 C. J. 576 and 577; 2 R. C. L. 170.

Under the circumstances here presented, the court should determine the questions involved. Standard Fashion Co. v. Magrane-Houston, 258 U. S. 346, loc. cit. 353, 42 S. Ct. 360, 66 L. Ed. 653; Cartwright v. Southern Pacific Co. (D. C.) 206 F. 234; United States v. Bernard et al. (C. C. A.) 202 F. 728.

2. According to the evidence, the appellant was using the timber standing and growing on said premises for manufacturing excelsior. It utilized the whole of each tree except only the bark and small knotty limbs. The appellees only used the trunks of the larger trees and in felling the larger trees much damage was done to the smaller growing trees, all of which would affect the interests of the appellant adversely, if the rightful owner of the property.

The evidence was that the value of the timber taken and destroyed by appellees could not be stated, and that the damages accruing could not be estimated. It further appeared that the entire property was only valuable to the appellant because of the timber standing and growing thereon, and that the injury complained of tended to destroy the very substance and value of the estate in the character in which it was being enjoyed.

This justified the appellant in resorting to a court of equity. Erhardt v. Boaro, 113 U. S. 537, 5 S. Ct. 565, 28 L. Ed. 1116; Wood v. Braxton (C. C.) 54 F. 1005; King v. Stuart (C. C.) 84 F. 546; United States v. Guglard (C. C.) 79 F. 21; Peck v. Ayers & Lord Tie Co. (C. C. A.) 116 F. 273; Douglas Co. v. Tennessee Lumber Co. (C. C. A.) 118 F. 438; Little Red River Levee District No. 2 v. Thomas, 154 Ark. 328, 242 S. W. 552.

3. Moreover, the trespass was of such nature that it was a continuing one. Under such circumstances the law would be inadequate to afford a remedy. King v. Stuart, supra; United States Freehold Land & Emigration Co. v. Gallegos (C. C. A.) 89 F. 769; Big Six Development Co. v. Mitchell (C. C. A.) 138 F. 279, 1 L. R. A. (N. S.) 332.

4. On account of the diversity of citizenship the appellant had a right to institute its action in the federal court, and no remedy at law exists in the federal court which would be as plain, adequate, and efficient as by this action in equity. Pokegama Sugar-Pine L. Co. v. Klamath River L. & Imp. Co. (C. C.) 96 F. 34; Jefferson v. Gypsy Oil Co. (C. C. A.) 27 F.(2d) 304.

5. In view of the facts, the solvency or insolvency of the appellees becomes immaterial. 32 C. J. 142 and 143; United States Freehold Land & Emigration Co. v. Gallegos, supra; Bettes v. Brower (D. C.) 184 F. 342; 32 A. L. R. 497.

6. Appellant averred in its bill and proved by the evidence that it was in possession of said premises. It is nevertheless entitled to maintain its action even though there be a dispute both as to possession and title. Pomeroy's Equity Jurisprudence (4th Ed.) vol. 5, pp. 4346 and 4347; Erhardt v. Boaro, supra; Oolagah Coal Co. v. McCaleb et al. (C. C. A.) 68 F. 86; Big Six Development Co. v. Mitchell (C. C. A.) 138 F. 279, 1 L. R. A. (N. S.) 332; Eastern Oregon Land Co. v. Willow River L. & I. Co. (C. C. A.) 201 F. 203.

7. Equity, having taken jurisdiction to preserve the status of the property, will retain it for all purposes. Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 64 L. Ed. 445.

The chancellor below erred in denying a temporary injunction in favor of the appellant. The decree will be reversed, with directions to proceed in conformity with the views herein expressed.