NORTHERN PAC. RY. CO. v. CUNNINGHAM.

(Circuit Court, D. Washington, S. D.   August 28, 1900.)

1. JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY.

In a suit to enjoin the defendant from grazing stock on lands of the complainant, the amount of damage already done is not the amount in controversy for jurisdictional purposes, but the value of the right to be protected, and, where it reasonably appears that the injury which will result to complainant if the defendant is not enjoined will exceed $2,000, it is sufficient to sustain the jurisdiction of a federal court.[1]

2. INJUNCTION—GROUNDS—CONTINUED TRESPASSES.

A court of equity has jurisdiction to grant relief by injunction against continued trespasses committed by the pasturing of sheep upon lands owned by the complainant which are valuable only for grazing purposes, where it is shown that such pasturing results in the destruction of the grass and the permanent injury of the land.

3. SAME—GRAZING ON UNINCLOSED LANDS.

In a suit to enjoin the defendant from pasturing sheep upon the uninclosed lands of the complainant it appeared that complainant was the owner, through a grant from congress, of a large number of odd-numbered sections of land, the intervening even-numbered sections being still public lands of the United States. Under the laws of the state, defendant had no right to graze his sheep on the lands of the complainant. Held, that the difficulty encountered by defendant in keeping his sheep on the government lands, where he had the right to graze, owing to the section lines being unmarked, was one which he must overcome at his peril, and did not enlarge his rights nor deprive the complainant of the right to an injunction, but that defendant would not be enjoined from driving across complainant's lands to reach the government sections to the same extent that an owner of the even-numbered sections would have the right to a way of necessity.

This is a case in equity to enjoin the defendant from pasturing sheep on uninclosed grazing land owned by the complainant. Argued and submitted on final hearing.   Decree for complainant.

Crowley & Grosscup, for complainant.
A. S. Bennett, for defendant.

---

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Hombard, 19 C. C. A. 75, and Shoe Co. v. Roper, 36 C. C. A. 459.

HANFORD, District Judge.   A decision in this cause upon exceptions to portions of the defendant's answer will be found reported in 89 Fed. 594.   Since the rendition of that decision testimony has been taken in behalf of both parties, and the case has been argued and submitted for final determination upon the merits.   By the documents and evidence introduced the complainant has established its title to more than 12,000 acres of land situated in Yakima and Klickitat counties, which are of no value whatever except as pasture lands. Before the bringing of large bands of horses and flocks of sheep into the vicinity of these lands, a nutritious grass, commonly spoken of as "bunch grass," valuable for feeding all kinds of domestic animals, was produced in moderate abundance.   The soil, however, is light and sandy, and the country is open and windy; the breaking of the surface crust by large numbers of animals trampling it loosens the soil, so that it is easily lifted and carried away by the prevailing winds, and the sweeping away of the soil leaves the roots of the grass exposed to the action of drought and frost, so that it perishes.   Unless due care is observed, pasturing causes permanent destruction of the grass in the manner I have indicated, rendering the land valueless; and the evidence is convincing that between the summer of 1896 and the spring of 1898 the defendant did drive his flocks of sheep over the lands in controversy, and permitted them to graze upon the same to such an extent as to work irreparable injury to several different sections; and by his defense in this suit the defendant has shown a disposition and a purpose to continue trespassing in the same manner, unless he shall be restrained by judicial process.

The defendant disputes the jurisdiction of this court on the ground that the evidence does not clearly show that the damages which may be caused by the defendant's trespasses will amount to $2,000.   The complainant asks protection for more than 12,000 acres of grazing lands from further injury by a continuing trespass.   The evidence does not enable me to fix precisely the value of the right which is the subject of controversy, but the amount of damage which has been done certainly is not the measure of value.   The evidence shows that the lands in their natural condition are reasonably worth from 75 cents to $1.50 per acre for grazing purposes.   After being pastured, as some of the sections have been, by the defendant's sheep, they are of no value for any purpose, and the owner must pay annual taxes, without having any beneficial use of ownership, or abandon its property. Considering the number of acres involved, I am satisfied that the value of the protection which the complainant asks for is more than $2,000; and it is not necessary, in order to sustain the jurisdiction of the court, for the complainant to show the amount in controversy with any greater accuracy.

The next position of the defense is based upon a denial that the case is cognizable in a court of equity, and it is contended that the complainant should be remitted for relief to an action for damages in a court of law.   An action for damages does not afford adequate relief to an owner of real estate for continuing trespasses destructive of his property.   Courts of equity have always been open to suitors seeking preventive relief against wrongdoers who persist in commit-

ting trespasses of the kind which do permanently impair the value of real estate, whether the injury consists in the removal of minerals from mining lands, cutting down trees, digging the soil, or other kinds of mischief; and there is no reason for denying to the owner of lands valuable only for its native grass such relief in the form of an injunction against the unlawful pasturing of sheep, when it appears that the sheep will destroy the grass. 3 Pom. Eq. Jur. §§ 1356, 1357; 1 High, Inj. § 724; Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, 28 L. Ed. 1116; Smith v. Bivens (C. C.) 56 Fed. 352; Schneider v. Brown (Cal.) 24 Pac. 715; Cattle Co. v. Chipman (Utah) 45 Pac. 348; Kellogg v. King (Cal.) 46 Pac. 166.

As to the question as to the defendant's right to permit his sheep to roam over the uninclosed lands of the plaintiff, his counsel appears to acquiesce in the decision heretofore rendered by this court, which was to the effect that an injunction should issue forbidding the defendant to herd his sheep upon the complainant's lands, but that the injunction should not be so broad as to prevent the defendant from taking his sheep upon the vacant uninclosed public lands of the United States for grazing. 89 Fed. 594. The case presents this difficulty: The complainant's lands are all odd-numbered sections, which were granted by act of congress to the Northern Pacific Railroad Company, and most of the alternate even-numbered sections are public lands of the United States, upon which the defendant has the right, in common with other citizens, to pasture his sheep; but the public lands upon which the defendant has a license to go are inaccessible without passing over some part of the odd-numbered sections, and the lines separating the odd sections from the even are not marked. From consideration of the evidence, I am convinced that it will be extremely difficult, but not impossible, for the defendant to take his sheep upon different even-numbered sections, without permitting them to graze upon the odd-numbered sections. The difficulty, however, is for the defendant to contend with. In principle the court should not interfere with his right to pasture his sheep upon the public lands while the government permits him to do so. On the other hand, the laws of the state of Washington make it unlawful for him to permit his sheep to graze upon the lands owned by the complainant. The court will leave him to overcome the difficulty if he can. The interlocutory injunction will be modified, and made perpetual. By its terms the defendant will not be enjoined from driving his sheep across the complainant's lands to pasture them upon the even-numbered sections, but he will not be permitted to use any more of the complainant's lands than the owner of the even-numbered sections could rightfully make use of as a way of necessity. He cannot drive his sheep across the middle of an odd-numbered section, nor permit them to graze upon it. If he attempts to avail himself of the right to cross complainant's land at all, and fails for any reason to prevent his sheep from grazing or doing greater damage than they would if being driven in a lane along the boundary line of the complainant's lands, he will have to suffer the consequences of violating the court's injunction.