AINSWORTH *v.* MUNOSKONG HUNTING & FISHING CLUB.

1. INJUNCTION—PROPRIETY OF ISSUANCE.

The first question in an injunction case, in addition to the general question on the threshold of every chancery case relative to jurisdiction, is as to the necessity for the restraining writ of the court, and this is determined by ascertaining the nature of the injury done or threatened.

2. SAME—REMEDY AT LAW — CONTINUING TRESPASS — MULTIPLICITY OF SUITS.

Where defendant by its agents and servants had repeatedly interfered with complainants' right to hunt wild fowl upon certain navigable waters, and threatened to continue so doing, complainants' remedy at law by a multiplicity of actions for trespass was inadequate, and the existence of such remedy was no objection to their right to an injunction.

3. SAME — RIGHT TO HUNT ON NAVIGABLE WATERS — PROTECTION BY INJUNCTION.

> The right of citizens to hunt wild fowl on the navigable waters of the State is a civil right, protection in the exercise of which is within equitable jurisdiction.

4. SAME—SUBSTANTIAL INJURY.

> Such right is not merely a bare legal right, interference with which causes no substantial injury, but is a right of sufficient dignity that interference therewith may be prevented by injunction.

5. SAME—BILL—SUFFICIENCY.

> A bill filed by citizens of the State against a hunting club to enjoin interference by defendant with complainants' right to hunt wild fowl upon the navigable waters of an arm of the Great Lakes, which alleges that defendant, by its agents and game keepers, claimed the exclusive right to hunt in such waters, and unlawfully interfered with complainants' exercise of such right by rowing boats among complainants' decoys and preventing ducks from alighting near them, and advertises that it will continue to prevent all persons, including complainants, from hunting there, sufficiently states an apprehended and threatened injury to justify an injunction.

6. SAME—IRREPARABLE INJURY—WHAT CONSTITUTES.

> The threatened injury to complainants was irreparable within the rule that an injury is irreparable when it cannot be adequately compensated in damages, or when there exists no certain pecuniary standard for the measurement of damages, due to the nature of the right or property injured.

7. FISH—FISHING RIGHTS—PROTECTION.

> The right to fish in navigable waters is a public right, for injury to which an action for damages will lie, or, if the injury be irreparable, or is one for which the law furnishes no adequate remedy, it may be restrained by injunction.

8. GAME—RIGHT TO HUNT—PROTECTION.

> The right to hunt wild fowl upon the navigable waters of the State is a public right, of which any citizen may avail himself, subject to the game laws of the State, the exercise of which will be protected by the courts.

Appeal from Chippewa; Steere, J.   Submitted February 25, 1908.   (Docket No. 153.)   Decided June 27, 1908.

Bill by Corydon E. Ainsworth and Frank Trempe

against the Munoskong Hunting & Fishing Club to enjoin the interference with hunting wild fowl on navigable waters. From an order sustaining a demurrer to the bill, complainants appeal. Reversed, and remanded.

*E. S. B. Sutton*, for complainants.

*Sharpe & Handy*, for defendant.

McALVAY, J. Complainants, residents of the county of Chippewa, filed their bill of complaint against defendant, praying that defendant be enjoined from interfering with, preventing and molesting complainants in the pursuit of their common right to hunt wild fowl on Munoskong Bay in said county, whose waters as is claimed in said bill are a part of the Great Lakes, the defendant claiming to have exclusive right to take such wild fowl.

The material matters set forth in the bill of complaint necessary to state are: That the waters referred to are navigable meandered waters; that they were hunting ducks on said waters in a row boat about one-half mile from shore, and had set their decoys for that purpose; that the agents and servants of defendant corporation came from the club house and ordered complainants to cease hunting ducks claiming the exclusive right to hunt ducks on said waters to be in defendant, and that complainants had no right or privilege to do so; and that the agents and servants of defendant wilfully and with intent to prevent complainants from hunting ducks upon these waters rowed their boat about among the decoys and prevented ducks from alighting near them, and prevented complainants from shooting and securing them; that complainants moved their decoys from that place to another upon the navigable waters of this bay, where they might lawfully hunt ducks, and that these parties followed them repeating their unlawful conduct, and, acting under orders of defendant, again prevented complainants from hunting; that they followed complainants about with their boat and finally they were unlaw-

fully compelled to cease from exercising their lawful right to hunt on this navigable meandered bay; that defendant's servants when requested to keep away and desist from interfering with them refused, and said they were game keepers of defendant which had employed and placed them there to prevent any persons except members of the club from hunting on said waters, which right was possessed solely and exclusively by defendant; which conduct complainants allege is in violation of their inalienable rights in the pursuit of happiness and also of their personal liberty. Complainants allege that defendant club owns certain land on the border of this bay upon which land is a club house where these game keepers remain for the purpose of keeping hunters from these waters and that defendant claims that by reason of such ownership it has the exclusive right to hunt on said waters; that defendant through its members has publicly stated and advertised the fact that they will prohibit and prevent all persons, including complainants, at all times from hunting upon these waters.

The bill avers that this bay is navigable by large steam and sail craft; that the ownership of defendant extends only to high or low water mark, at which point the fee of the State of Michigan begins, and that they have a right, at all times when the law so allows, to hunt upon said waters in common with all citizens of the State; that the lands covered by the waters of said bay beyond the meandered line thereof are unsurveyed and none of them are owned or possessed by defendant but belong in fee to the State of Michigan, held by the State as trustee for all of the people of the State, and complainants have as much right to hunt upon these waters as the members of defendant club. The bill also states that complainants desire and intend to hunt on said bay during the then approaching open season of 1907, but will be prevented from doing so by defendant's servants and agents unless they are enjoined from interfering with them to the irreparable loss and injury of each of them; all of which is alleged to be

contrary to equity and the rights of complainants and to their manifest wrong and injury. The bill alleges jurisdiction and contains all the usual and necessary formal parts of a bill in chancery and prays that defendant and its members, agents, etc., be restrained and enjoined from interfering with, obstructing, and preventing, in any manner, complainant from the free exercise of their right to hunt wild fowl upon said waters. A preliminary injunction issued upon filing the usual bond in the sum of $500. A motion for dissolution of this injunction was denied.

Defendant then demurred to the bill of complaint upon the following grounds:

1. Complainants have not, in and by their said bill, made or stated such a cause as entitles them in a court of equity to any discovery or relief from or against this defendant, touching the matters contained in the said bill or in any of such matters.

2. It appears by the said bill of complaint that if complainants have any cause of action relative to the matters set forth in said bill of complaint, they have an adequate remedy at law.

3. It appears by said bill of complaint that the rights affected of complainants, if any, are to their persons and not to their property.

4. That said bill of complaint fails to show any immediate danger of irreparable damage.

5. That complainants have been guilty of such laches that they are now barred and estopped from asking relief.

6. That complainants seek to restrain others from doing acts and things they have a legal right to do.

7. That the allegations in said bill of complaint are insufficient to give the court jurisdiction to grant the relief prayed for.

Upon a hearing a decree was granted sustaining the demurrer and dismissing the bill of complaint. Complainants have appealed. The demurrer admits the truth of the facts charged in the bill of complaint.

At this time, then, there is no necessity for discussing complainants' rights in the premises, and we assume that the waters upon which they were attempting to pursue,

hunt, and capture wild fowl were navigable waters, where they were entitled to exercise all the rights they claim. We may also assume that the hired servants of defendant wrongfully and unlawfully, under the instructions of their employer, the defendant, by the means stated, interfered with complainants in the peaceable enjoyment of their rights, under the claim that defendant had acquired exclusive rights and privileges for its members to hunt wild fowl upon these waters; and that such interference will continue to the damage and injury of complainants.

The only proposition to consider is whether the bill sets forth such a cause of action over which a court of equity will entertain jurisdiction, and whether the bill of complaint states facts and circumstances sufficient to entitle complainants to an injunction against defendant.

It will be unnecessary to cite and discuss text writers and authorities as to the fundamental principles which govern courts in issuing or denying relief by injunction. The first question in an injunction case, in addition to the general question on the threshold of every chancery case relative to jurisdiction, is as to the necessity for the restraining writ of the court. This is determined by ascertaining the nature of the injury done or threatened. This is strictly an injunction bill and to deny an injunction, preliminary or permanent, disposes of the whole case.

If hunting for wild fowl upon these navigable waters for recreation or health is a right which the complainants are entitled to exercise, no person may lawfully interfere with the reasonable and lawful exercise of that right. If it is urged that trespass will lie against defendant and its officers and agents for the wrong complained of, the repetition and continuance of the interference with complainants would require a multiplicity of suits, and if complainants must be relegated to such suits they certainly would be absolutely deprived of the exercise of a legal and substantial right, and the damages possible to be obtained would be wholly inadequate. Parties in such cases should

be entitled to equitable relief. *Nashville, etc., R. Co.* v. *McConnell*, 82 Fed. 65.

The right upon which complainants insist is a civil right and their protection in its exercise clearly within equitable jurisdiction. 22 Cyc. p. 757.

We think that this right is not merely a bare legal right interference with which causes no substantial injury. To many people such rights are highly prized and their exercise valuable and necessary. To hold that such rights are not of sufficient dignity that interference therewith, and the prevention of their lawful exercise, and threatened continuance of such interference, will be taken cognizance of by the courts, and injury arising therefrom prevented, would be to deprive complainants of such rights, and to encourage wrongdoers in the assumption of the sovereign prerogative. The allegations of the bill of complaint as to the apprehended injury threatened by defendant are sufficient. The averments of the bill, not being denied, are sufficient if charged on information and belief. 1 High on Injunctions (4th Ed.), § 35.

From the state of the pleadings, there is no dispute here as to complainants' rights; whether there is an injury for which a suit at law will furnish no adequate remedy, and whether that injury is irreparable are the crucial questions. The first we have decided in the affirmative. Whether an injury to property or rights is irreparable depends in each case upon the nature of the right or property.

"An injury to be irreparable need not be such as to render its repair physically impossible; but it is irreparable when it cannot be adequately compensated in damages, or when there exists no certain pecuniary standard for the measurement of damages * * * due to the nature of the right or property injured." 22 Cyc. pp. 763, 764, and cases cited.

The right to fish in navigable waters is a public right. 13 Am. & Eng. Enc. Law (2d Ed.), p. 560, and cases cited.

An action for damages will lie for injury to such right. 13 Am. & Eng. Enc. Law (2d Ed.), p. 584.

The authorities hold that certain injuries to fishing which if permitted would be irreparable or for which the law furnishes no adequate remedy, may be restrained by injunction. 13 Am. & Eng. Enc. Law (2d Ed.), p. 585, and notes.

To hunt and fish in and upon the navigable waters such as these is a public right of which any citizen may avail himself subject to the game laws of the State. The right to hunt is as valuable to the individual as his right to fish, and the authorities which sustain and protect him in the exercise of the one may be invoked with equal force as to the other. We are unable to draw any distinction between them.

Our conclusion is that the injury to complainants' rights complained of comes within this definition. The decree of the circuit court sustaining the demurrer and dismissing the bill is reversed, with costs of both courts to complainants. The cause will be remanded and defendant allowed the time fixed by rule to answer said bill of complaint.

GRANT, C. J., and HOOKER, MOORE, and CARPENTER, JJ., concurred.