## SWAN ISLAND CLUB, Inc., v. ANSELL.
### No. 3175.

Circuit Court of Appeals, Fourth Circuit.
July 8, 1931.

338

M. B. Simpson and J. C. B. Ehringhaus, both of Elizabeth City, N. C. (Ehringhaus & Hall, of Elizabeth City, N. C., on the brief), for appellant.

G. L. Jones, of Asheville, N. C. (George H. Ward, of Asheville, N. C., and Ward & Grimes, of Washington, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

CHESNUT, District Judge.

The question presented by the appeal in this case is whether there was a sufficient amount in controversy to confer jurisdiction on the District Court, the parties being of diverse citizenship (U. S. Code Ann., title 28, § 41). The plaintiff's bill of complaint al-leged, and the defendant's answer denied, that more than $3,000, exclusive of interest and costs, was involved in the controversy. The subject matter of the litigation is the plaintiff's effort, by bill in equity for an injunction, to protect its property, the chief utility of which is for shooting wild fowl, from threatened and continuing trespasses by the defendant in consequence of which the game is driven away, and the value of the property substantially destroyed.

On the filing of the plaintiff's bill supported by affidavits, the District Court entered a restraining order and set the case for hearing on the plaintiff's motion for a temporary injunction. After hearing counsel for the parties, but without taking any testimony, the court refused and dismissed the motion on the ground that the court was without jurisdiction of the cause. In view of the issue made by the bill and answer, the evident basis of the order was that the amount in controversy did not exceed $3,000 exclusive of interest and costs. As this conclusion was reached on bill and answer without testimony, it is necessary to examine the allegations of the bill and any other information appearing in the record to determine whether there is a legal possibility that the requisite amount is in controversy in good faith.

It is alleged that the plaintiff, a Massachusetts corporation, is the owner and in possession of certain tracts of land in Currituck county, N. C., containing about 9,236 acres, shown and described on a plat filed with the bill of complaint; that these tracts consist largely of islands, marsh lands, and lands under water, the chief utility of which is for gunning purposes and especially for shooting wild fowl; that the plaintiff's title to the property has been duly confirmed by statutory registration proceedings in the superior court of Currituck county, N. C., in accordance with the applicable North Carolina statute; that the lands have been equipped at great expense with the necessary appliances, equipment and decoys, and the plaintiff employs the necessary personnel to enable its stockholders to shoot wild water fowl in accordance with the law within the limits of its own property during a very limited shooting season; that the lands are of a value in excess of $50,000; that the defendant has trespassed upon said premises and located thereon certain devices known as "blinds" for the purpose of shooting wild water fowl and other game, and threatens to continue to trespass upon said lands whenever he desires and to take with him upon said premises other

people for the purpose of shooting wild water fowl and other game thereon from the said "blinds"; and that the defendant's blinds are so strategically located with respect to the plaintiff's property that the effect of shooting water fowl, and particularly ducks, from the defendant's blinds will be to substantially destroy the gunning rights and privileges of the plaintiff on its property and thus render it almost valueless; and that the damage which will be sustained by the plaintiff unless the defendant's acts are enjoined, will amount to more than $3,000, exclusive of interest and costs; and that the defendant is insolvent.

■ Upon consideration of the facts so alleged, we are unable to concur in the opinion reached by the District Court that the requisite amount cannot in legal possibility be involved in the controversy. Barry v. Edmunds, 116 U. S. 550, 6 S. Ct. 501, 29 L. Ed. 729. In our opinion the allegations of the bill, if supported by testimony, are sufficient to establish the jurisdiction of the District Court with respect to the amount in controversy. Of course, the final determination of this issue as to the amount in controversy will depend upon the proof. The complainant's property is alleged to be of a value in excess of $50,000, and its chief utility is for the shooting of wild water fowl. It is specifically alleged that the effect of the defendant's trespasses will be to practically destroy this utility and render worthless the capital value of the plaintiff's investment. The trespasses sought to be enjoined are not merely sporadic and limited to a day or two in point of time and in effect to a small area of the plaintiff's property, but are alleged to be continuing in their nature, exercised under a claim of right by the defendant, and effective to substantially impair the chief utility of the whole or the larger part of the plaintiff's property.

■ It has been uniformly held by the federal courts that the test of jurisdiction in a case of this kind is the value of the object to be gained by the suit, which in this case is the preservation of the plaintiff's property rights. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U. S. 121, 36 S. Ct. 30, 60 L. Ed. 174; Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; Packard v. Banton, 264 U. S. 140, 142, 44 S. Ct. 257, 68 L. Ed. 596; Scott v. Donald, 165 U. S. 58, 17 S. Ct. 265, 41 L. Ed. 632; Mississippi & M. Railroad Co. v. Ward, 2 Black, 485, 492, 17 L. Ed. 311; Louisville & N. R. Co. v. Smith (C. C. A. 5th) 128 F. 1; Fidler v. Roberts, 41 F.(2d) 305 (C. C. A. 7th). In Smith v. Bivens, 56 F. 352 (C. C. S. C.) it was held by Judge Simonton that the statutory amount in controversy (then $2,000) was shown to exist where the plaintiff's bill in ultimate effect sought to protect the value of the land, usable only for pasturage, from destruction by trespassing cattle of neighboring property owners, and where it appeared the capital value of the land was more than $2,000. In Northern P. R. Co. v. Cunningham, 103 F. 708 (C. C. Wash.), there was a like holding in a case similar on the facts. Of course, the mere allegation of the plaintiff that the amount in controversy exceeds $3,000 will not suffice where it is apparent from the plaintiff's own statement of the case, or from the proof, that by no legal possibility can the plaintiff's claim amount to so much. Thus, it was held by the Circuit Court of Appeals for the Third Circuit in Wilderman v. Roth, 17 F.(2d) 486 (cited by Appellee's counsel), that the jurisdictional amount was not really involved in good faith where a domestic servant sued to recover $5,000 for the period of eight months' services. But this was determined not upon the state of the pleadings without proof, but after testimony in the case had shown that the plaintiff's claim could never have exceeded $1,600 on the basis of the highest compensation for the services rendered.

■ During the oral argument it was contended that the order appealed from might be sustained on the ground that there was no equity jurisdiction because the plaintiff had an adequate remedy at law. But it is thoroughly well established that equity does have jurisdiction to restrain repeated and continuing trespasses such as are alleged to be involved in this case. 4 Pomeroy Eq. Jur. (4th Ed.) §§ 1356, 1357; Glenwood Light & Water Co. v. Mutual Light Co., 239 U. S. 121, 125, 36 S. Ct. 30, 60 L. Ed. 174; Erhardt v. Boara, 113 U. S. 537, 5 S. Ct. 565, 28 L. Ed. 1116; Northern Pacific Co. v. Cunningham, 103 F. 708 (C. C. Wash.). The exercise of this jurisdiction has been specifically applied in a number of cases by state courts of last resort to the protection of the plaintiff's property rights in game preserves. Kellogg v. King, 114 Cal. 378, 46 P. 166, 55 Am. St. Rep. 74; Bolsa Land Co. v. Burdick, 151 Cal. 254, 90 P. 532, 12 L. R. A. (N. S.) 275; Whittaker v. Stangvick, 100 Minn. 386, 111 N. W. 295, 10 L. R. A. (N. S.) 921, 117 Am. St. Rep. 703, 10 Ann. Cas. 528; Ainsworth v. Munoskong

Hunting Club, 153 Mich. 185, 116 N. W. 992, 17 L. R. A. (N. S.) 1236, 126 Am. St. Rep. 474, 15 Ann. Cas. 706. The effect of these cases on this point is well summarized in 12 R. C. L. page 692, § 8, under the title of Game Laws, as follows: "An action for damages is however, an ineffectual remedy against continuing trespasses, and where one or more persons continually violate or threaten to violate the owner's rights there is such a failure of remedy at law that the equitable jurisdiction of the court may be invoked, and further trespassing enjoined. Moreover, the shooting of guns over one's land so as to cause considerable damage and impair the value of the landowner's shooting privileges is a wrong which may be restrained by injunction. An injunction will not necessarily be denied because the trespasser is solvent and able to pay any damage which may be recovered against him for his trespass. * * * The prevention of a multiplicity of trespass actions also forms sufficient ground for equitable relief. Not only is an injunction a proper remedy for the protection of an exclusive hunting privilege, but if a member of the public is denied his common right to hunt on public waters, the interference with his rights may be enjoined."

It has also been suggested that the case in its essence involves only "poaching" on game preserves, and that such a controversy is too trivial in its nature and effect to be properly within the jurisdiction of the federal courts of equity, and for that reason the plaintiff should be relegated to local police protection. However, when diverse citizenship is established it is not the intrinsic nature of the subject-matter involved but the monetary extent of the plaintiff's claim or reasonably anticipated damage that confers jurisdiction on the District Court. It is obvious enough that mere sporadic poaching on game preserves would not ordinarily carry with it a sufficient amount in controversy to confer jurisdiction, but here we are dealing with a case where under the allegations of the bill the alleged trespasses are not merely casual but continuous and exercised under a claim of right, and of such a nature that they will virtually destroy the capital value of the plaintiff's property unless enjoined.

For these reasons we think the order appealed from should be reversed and the case remanded for subsequent proceedings not inconsistent with the opinion, and it is so ordered.

Reversed.