## PUERTO RICAN–AMERICAN INSURANCE CO., Plaintiffs

v.

## GARY S. FRANCIS and MIGUEL DELEMOS, Defendants

v.

## LYDIA THOMAS, FELECIA SPRAUVE, and AMOS FREDERICK, Intervenors

Civil No. 172/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 11, 1980

DAVID V. O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for plaintiffs*

JAMES E. DOW, JR., ESQ. (PALLME, ANDUZE, MITCHELL & DOW), St. Thomas, V.I., *for intervenors Thomas and Sprauve*

GEORGE M. MILLER, ESQ. (MILLER & MILLS), St. Thomas, V.I., *for intervenor Amos Fredericks*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

This action springs from two suits pending in the United States District Court of the Virgin Islands in which the intervenors, as plaintiffs, seek damages against Puerto Rican Cars, Inc., Miguel Delemos, and Gary S. Francis for injuries sustained in an automobile accident.[1] The plaintiff in this action, Puerto Rican-American Insurance Co., asks this court to declare the extent of coverage under an insurance policy issued to Puerto Rican Cars, Inc. The intervenors Lydia Thomas, Felicia Sprauve, and Amos Frederick have moved to dismiss for failure to join a necessary party and for lack of jurisdiction. Because the court believes the case must be dismissed for lack of jurisdiction, it does not reach the indispensable party issue.

---

[1] Civil Nos. 79-198 and 79-207, in the District Court of the Virgin Islands, Division of St. Thomas and St. John.

Intervenors argue that the value of the insurance policy exceeds $50,000, and is beyond the subject matter jurisdiction of the Territorial Court. 4 V.I.C. § 76(a) (1979 Supp.).[2] Plaintiff, however, contends that the Virgin Islands Declaratory Judgment Act, 5 V.I.C. §§ 1261–1272, permits this court to determine the rights of a party under a contract regardless of a party's right to sue for damages in excess of the jurisdictional limitations. Plaintiff also argues that the $50,000 limitation on this court's civil jurisdiction is of no merit here because what is at issue are the rights of the parties under the policy and not any particular dollar amount. Plaintiff also argues that the actual amount that it may have to pay under the policy still has to be determined in the pending District Court action, and that, therefore, there can be no "matter in controversy" in excess of $50,000 in this action.

■■ Plaintiff's arguments fail to recognize that subject matter jurisdiction is not conferred on this court by the Virgin Islands Declaratory Judgment Act, supra, and that the Act does not extend or expand the court's jurisdiction.[3] The Act merely provides a judicial remedy in actions that are otherwise within this court's jurisdiction. As a result, actions under the Act require an independent jurisdictional basis. Gilman v. Government of the Virgin Islands, Civil No. 79/162 (D.V.I. St. T. & St. J., November 30, 1979). Cf. Jersey Central Power and Light Co. v. Local Unions, 508 F.2d 687 (3d Cir. 1975), cert. denied 425 U.S. 998 (1975), Ragoni v. United States, 424 F.2d 261 (3d Cir. 1970); James v. Ambrose, 10 V.I. 325, 367 F.Supp. 1321 (D.V.I. 1973) (all construing the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1976).[4]

■ The independent jurisdictional basis in this case must be provided by 4 V.I.C. § 76(a), which provides:

The territorial court shall have original jurisdiction concurrent with that of the district court in all civil actions wherein the matter in controversy exceeds the sum of $500 but does not

[2] Reprinted, infra at p. 3.

[3] See Uniform Declaratory Judgment Act, § 1, note 163 and the cases cited therein. The Virgin Islands Declaratory Judgment Act is based on the Uniform Act. 5 V.I.C. § 1261 (1967) Revision Note.

[4] Although the Virgin Islands Declaratory Judgment Act is derived from the Uniform Declaratory Judgment Act, rather than the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the necessity for underlying subject matter jurisdiction remains. Gilman v. Government, Civil No. 79-162 (D.V.I., Div. St. T. & St. J., November 30, 1979).

exceed the sum of $50,000; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and decrees pertaining to the support of relations.

Clearly, this action for a declaratory judgment, which is based on an underlying insurance contract, can only fall within the first jurisdictional grant of § 76(a) and on that language that states, "all civil actions wherein the matter in controversy exceeds the sum of $500 but does not exceed the sum of $50,000."[5] Consequently, this court only can exercise jurisdiction in this case if the matter in controversy does not exceed $50,000. Cf. Jersey Central Power & Light Co. v. Local Unions, supra (Federal Declaratory Judgment action in which $10,000 jurisdictional requirement was not met, but independent jurisdiction was properly invoked under the Labor Management Relations Act); Ragoni v. United States, supra (Federal Declaratory Judgment claim was dismissed because plaintiff alleged neither the requisite $10,000 in controversy for federal jurisdiction nor any other jurisdictional basis).

■■ Thus, the court must determine the amount in controversy in this declaratory judgment action. Even though the District Court action against the insured parties still is pending and the liability of the plaintiff/insurer has not been determined, the court cannot accept plaintiff's argument that there is no amount in controversy. Instead, the court believes the matter in controversy, from a jurisdictional point of view, is the maximum amount for which the plaintiff/insurer can be liable under the insurance policy it issued. Builders & Manufacturers Mutual Casualty Co. v. Paquette, 21 F.Supp. 858 (S.D. Maine 1938); Travelers Insurance Co. v. Young, 18 F.Supp. 450 (D. N.Y. 1937); Commercial Casualty Insurance Co. v. Humphrey, 13 F.Supp. 174 (S.D. Tex. 1935).[6] Cf. Lehtonen v.

---

[5] Plaintiff argues that the court hears divorces and probates estates in which the matter in controversy often exceeds $50,000. What the plaintiff overlooks, though, is that § 76(a) specifically grants this court the power to "hear and determine . . . divorce proceedings" and to "administer estates" without regard to the dollar amount involved.

[6] The cited cases involved federal declaratory judgment actions to determine rights under automobile insurance policies where an action for damages against the insured was pending. All were jurisdictionally based on diversity of citizenship, 28 U.S.C. § 1332, and the maximum amount of liability under the policy was held to be the test for determining the amount in controversy.

Plaintiff relies on Bryan v. DeFreitas, Civil No. 1980/58 (D.V.I. St. Croix, order

Lifetime Stainless Steel, Inc., Civil No. 117/1979 (Terr. Ct., Div. St. T. & St. J., Findings of Fact and Conclusions of Law, March 7, 1979) (action for injunctive relief, specific performance, and damages dismissed where based on right of first refusal to purchase property for $225,000). The intervenors having alleged that the maximum liability of the plaintiff under the insurance policy in issue is $250,000 for each person and $500,000 for each occurrence, which the plaintiff does not contest, the matter in controversy clearly exceeds the $50,000 jurisdictional limit of this court. Accordingly, plaintiff's complaint must be dismissed because this court lacks jurisdiction.

## ORDER

The court having rendered a Memorandum Opinion this date, it is

ORDERED that the intervenors' motions to dismiss for lack of subject matter jurisdiction be and the same hereby are granted.

dated April 2, 1980), which is not to the contrary. There no question was raised as to the jurisdiction of the Territorial Court. The only issue was whether the District Court should transfer a pending Territorial Court declaratory judgment action and consolidate it with a "somewhat related action" in the District Court. The motion was simply denied without any stated reason.