ICENI BROWNE, for DALE GOMES; ZELMA ABRAHAM, for ENITH ABRAHAM; and all those similarly situated, Plaintiffs

v.

THE GOVERNMENT OF THE VIRGIN ISLANDS, JUAN LUIS, Governor of the Virgin Islands or his successor; CHARLES TURNBULL, Commissioner of the Department of Education or his successor; and the VIRGIN ISLANDS DEPARTMENT OF EDUCATION, Defendants

Civil No. 1287/1987

Territorial Court of the Virgin Islands

Div. of St. Croix

November 17, 1987

70

AKWASI O. AGYEMAN, ESQ., and RICHARD AUSTIN, ESQ., St. Croix, V.I., *for plaintiffs*

ROSALIE BALLENTINE, ESQ., Assistant Attorney General (Department of Law) St. Thomas, V.I., *for the Government*

JACQUELINE A. DREW, ESQ., St. Thomas, V.I., *for the Department of Education*

PETERSEN, *Judge*

## MEMORANDUM OPINION

This matter is before this Court on Defendants' Motion to Dismiss Plaintiffs' Action for Declaratory and Injunctive Relief pursuant to Fed. R. Civ. P. 12(b). In support of this Motion, defendants assert that this Court lacks subject matter jurisdiction under 4 V.I.C. § 76, which authorizes the Court to entertain claims of up to Two Hundred Thousand (200,000.00) Dollars.

## DISCUSSION

The underlying claim and the catalyst of this motion was brought by the parents of students attending the St. Croix Central High School, who allege that defendants' policies and practices in failing to manage and administer the Department of Education and the public school facilities of St. Croix have resulted in depriving the students of the St. Croix Central High School of an adequate education. In support of this claim, plaintiffs list as their causes of action such existing defective conditions as a lack of personnel and classrooms; unsanitary bathrooms; inadequate ventilation; water leakage through the roof and walls of the gymnasium, library and classrooms; insufficient classroom chairs and insufficient custodians, maintenance engineers and groundkeepers.

Defendants point to plaintiffs' list of defects to support their contention that this Court lacks jurisdiction. Specifically, defendants introduce a report which estimates the cost of the construction of the music building at Central High School to be One Million Four Hundred Eighty-five Thousand Six Hundred Fifty-one (1,485,651.00) Dollars. Furthermore, defendants state that if the cost of other repairs and the acquisition of additional personnel and supplies are added to the cost of reconstructing the music building, there would be a clear indication that this Court lacks jurisdiction.

71

■ The sum claimed by the plaintiffs, if made in good faith, controls the determination of the amount in controversy. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590 (1938). Red Cab Co. was followed in the Third Circuit case of Ambassador East, Inc. v. Orsatti Inc., 257 F.2d 79 (3rd Cir. 1979). In Ambassador, the Court held that the jurisdictional amount is to be calculated on the basis of the property right which is being injured. Likewise, in Local Division 519, Etc. v. La Crosse Municipal Transit Utility, 585 F.2d 1340 (7th Cir. 1978), the Court held that the jurisdictional amount in controversy requirement is to be measured by the value to complainant of the right which it seeks to protect.

■■ Plaintiffs assert that the right they seek to protect is the right to an adequate high school education. They further assert that they are unable to assess the value of this right to any legal certainty and that any such determination would be speculative. This Court appreciates the difficulty plaintiffs have in evaluating the right to a high school education as such a right is not as readily measurable as other types of equitable rights which plaintiffs usually seek to enforce. For example, in suits to quiet title to land, the amount in controversy is ascertainable by measuring the value of the property. Smith v. Adams, 130 U.S. 167, 9 S.Ct. 566 (1889); Groves v. Rogers, 547 F.2d 898 (5th Cir. 1977); Sanchez v. Taylor, 377 F.2d 733 (10th Cir. 1967). Likewise in suits to enjoin a trespass the amount in controversy is discernible by determining the value of the property free from the trespass. Wright and Miller, at § 3702; Swan Island Club, Inc. v. Ansell, 51 F.2d 337 (4th Cir. 1931). In contrast the value of the right to an education is a subjective determination. To some students this right might be worth Ten Thousand (10,000.00) Dollars; to others, it might be worth a Million Dollars; and still to others it might be worth nothing. However, the value of the right to a high school education cannot be limited to the costs of the benefits to be realized for any limited period of time. For should plaintiffs prevail, they stand to reap benefits for many years to come.

■ Despite the obvious difficulty faced by plaintiffs in assigning a definite value to their case, courts which have recognized this unusual problem steadfastly have held that the burden rests squarely with the litigant asserting jurisdiction. Martin v. Gibson at 991; King v. Morton, 520 F.2d 1140, 1145 (D.C. Cir. 1975). Moreover, this burden becomes even more compelling once the

defendant controverts the plaintiffs' claim of a jurisdictional amount. Gomez v. Wilson, 477 F.2d 411, 420 (D.C. Cir. 1973) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780 (1936).

Defendants in the case at hand contend that this Court lacks subject matter jurisdiction as it would cost the Virgin Islands Government in excess of Two Hundred Thousand (200,000.00) Dollars to satisfy plaintiffs' claims. In response, the plaintiffs failed to proffer any evidence as to the amount in controversy, nor have they established that they have met the jurisdictional requirement. On the contrary, plaintiffs simply assert that "Valuation of an adequate public high school education is not readily ascertainable," and that "Any such determination would be speculative at best." Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss at 2.

Even though the value of the right to an education is difficult to assess, this Court is willing to assume that it exceeds the jurisdictional limits of this Court. To infer that this Court has jurisdiction of this matter would be to place a value on plaintiffs' right to an education to be less than the Two Hundred Thousand (200,000.00) Dollars jurisdictional limit of this Court. This Court rejects that position.

In light of the foregoing, this Court must conclude that plaintiffs have failed to meet their burden of establishing that the amount in controversy involved herein falls within the jurisdiction of this Court.

In addition to the Injunctive Relief sought, plaintiffs' request that the Court award Declaratory Relief. Title 5 V.I.C. § 1261 empowers this Court to provide such relief. However a Court must have an independent basis of jurisdiction before it can provide Declaratory Relief. See Puerto Rican-American Insurance, Co. v. Francis, 17 V.I. 87, 89 (Terr. Ct. St. T. & St. J. 1980). The jurisdictional issues involved are identical to those which arose in the Injunctive Relief discussion. Accordingly, this Court need not discuss those issues at this particular juncture.

As the defendants have demonstrated that this Court lacks jurisdiction and the plaintiffs have failed to prove otherwise, this matter is dismissed without prejudice.

## ORDER

In accordance with the attached Memorandum Opinion, it is hereby

ORDERED that this matter be, and is, hereby dismissed without prejudice.