**SEA AIR SHUTTLE CORPORATION and SEA AIR SHUTTLE CORPORATION OF THE VIRGIN ISLANDS, Plaintiffs**

v.

**THE VIRGIN ISLANDS PORT AUTHORITY, and CARIBBEAN AIRBOATS, INC., Defendants**

Civil No. 41/1991

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 13, 1991

BRITAIN H. BRYANT, ESQ. (LAW OFFICES OF BRYANT, WHITE AND ASSOCIATES, P.C.), St. Croix, V.I., *for plaintiffs*

64

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for defendant V.I. Port Authority*

CAREY–ANNE MOODY, ESQ. (LAW OFFICE OF JOHN K. DEMA), St. Croix, V.I., *for defendant Caribbean Airboats, Inc.*

CABRET, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the motion of the Defendant, Virgin Islands Port Authority (hereafter referred to as "Port Authority"), to dismiss this action for lack of subject matter jurisdiction. Because the Court has concluded that the amount in controversy of this case exceeds $200,000, the jurisdictional limit of this Court, the Port Authority's motion will be granted and Plaintiffs' complaint shall be dismissed.

## FACTS

The facts, briefly stated for purposes of the motion, are as follows:

The Defendant, Port Authority is a public corporation and autonomous governmental instrumentality of the Government of the Virgin Islands. Pursuant to 29 V.I.C. § 543, the purpose of the Port Authority is to establish, acquire, construct, develop and improve, own, operate and manage any and all types of air and marine terminals.

In the early part of 1990, the Port Authority distributed a Request for Proposal for the stated purpose of establishing a seaplane shuttle service at the Port Authorities existing St. Croix and St. Thomas seaplane facilities. Several proposals were submitted, and a committee drawn from Port Authority staff reviewed the proposals and presented three to the Governing Board of the Port Authority. The three proposals were those of Caribbean Airboats, Inc. (hereafter referred to as "Caribbean Airboats"), American Aircraft Management Company, and Caribbean Airlines Services, Inc. (hereafter referred to as "Caribbean Airlines").

After an opportunity to review the three proposals, oral presentations from each of the parties involved, and a hearing on the backgrounds of the principals of the three entities the Governing Board voted to negotiate with Caribbean Airboats for the lease of the seaplane facilities. Thereafter, Sea Air Shuttle Corporation and Sea Air Shuttle Corporation of the Virgin Islands (hereafter collectively referred to as "Plaintiffs") filed this action for declaratory and injunc-

tive relief, claiming that they are the predecessors in interest to Caribbean Airlines.

The Plaintiffs allege that the decision of the Governing Board to negotiate the lease of seaplane facilities with Caribbean Airboats was arbitrary and capricious, and deprived them of their right to be treated fairly. They also allege that the decision deprived them of their civil rights. In support of their allegation that the Governing Board acted arbitrarily and capriciously, the plaintiffs argue that they have, among other things, spent over $450,000 in start up costs, hired 15 employees, bought or leased four seaplane aircraft, completed all required flight training, purchased a Federal Aviation Administration Carrier operating Certificate, and have invested over $1 million to purchase the assets of the former Virgin Islands Seaplane Shuttle. Plaintiffs have proposed paying the Port Authority $150,000 per year for five years in order to lease seaplane facilities on St. Thomas and St. Croix. As part of their proposal they also offer to construct airport facilities costing $12 million. Plaintiffs further allege that Caribbean Airboats, with whom the Port Authority has decided to negotiate, has no planes, no flight training, no pilots, no employees, no equipment, no Federal Aviation Administration approval, and has even proposed a lesser annual payment to the Port Authority for the lease of seaplane facilities.

## DISCUSSION

Defendant Port Authority claims that this action should be dismissed because the Court does not have subject matter jurisdiction since the amount in controversy exceeds $200,000, the jurisdictional limit of this Court. On the other hand, the Plaintiffs allege that the subject matter jurisdiction of this court is predicated upon the loss of a right to be treated fairly in the bidding process. The loss of this right, they assert, is not susceptible to a dollar figure, therefore declaratory and injunctive relief is the only available remedy.

With regard to the declaratory relief, the Virgin Islands Declaratory Judgment Act states as follows:

> Courts of record *within their respective jurisdictions* shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such

declarations shall have the force and effect of a final judgment or decree.

5 V.I.C. § 1264 (emphasis added). It is well settled in the Virgin Islands that the Declaratory Judgment Act (hereafter referred to as the "Act"), is remedial in nature, and it in no way extends the jurisdiction of the Territorial Court. Puerto Rican-American Insurance Co. v. Francis, 17 V.I. 87 (Terr. Ct. 1980). Thus, the Act provides a judicial remedy in actions that are otherwise within the Territorial Court's jurisdiction. Id. Consequently, actions under the Act require an independent jurisdictional source. Id.; Richardson v. Virgin Islands Housing Authority, 18 V.I. 351 (Dist. Ct. 1981).

■ With regard to both declaratory and injunctive relief, a source of independent jurisdiction for this Court is found in the provisions of 4 V.I.C. § 76. Section 76(a), applicable to this case, provides as follows:

The territorial court shall have original jurisdiction concurrent with that of the district court in all civil actions wherein the matter in controversy exceeds the sum of $500 but does not exceed the sum of $200,000; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and decrees pertaining to the support of relations.

Since this case is a civil action, this Court may exercise subject matter jurisdiction only if the amount in controversy does not exceed $200,000.[1]

■ At the outset it should be noted that Plaintiffs argue that in considering this motion to dismiss, the Court must accept as true the well pleaded allegations in the Complaint.[2] The argument is not entirely correct. A motion to dismiss under Fed. R. Civ. P. 12(b)(1) ei-

---

[1] Section 76(a) has been amended to give the Territorial Court original jurisdiction over all civil actions regardless of the amount in controversy. The amendment becomes effective as of October 1, 1991.

[2] None of the cases cited by Plaintiffs to support this argument involved a motion to dismiss for lack of subject matter jurisdiction. Miree v. Dekalb County, 433 U.S. 25, 97 S. Ct. 2490 (1977), involved a motion to dismiss based on the sufficiency of the complaint, and Rambo v. American Southern Insurance Co., 839 F.2d 1415 (10th Cir. 1988), involved a motion to dismiss for lack of personal jurisdiction.

ther attacks the complaint on its face or attacks the subject matter jurisdiction in fact. Kronmuller v. West End Fire Co. No. 3, 123 F.R.D. 170 (E.D. Pa. 1988). In the former, courts are required to accept a plaintiff's allegations as true, but in a Rule 12(b)(1) motion that attacks the court's subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3rd Cir. 1977).

■ The party asserting jurisdiction has the burden of proving that jurisdiction does in fact exist, but generally, the sum claimed by the plaintiffs, if made in good faith, controls the determination of the amount in controversy. Browne v. Government, 23 V.I. 72 (Terr. Ct. 1987). The Plaintiffs claim that there is no amount in controversy because they only seek to enforce their right to be treated fairly.[3] The loss of that right, they allege, has no monetary figure on it. Before this Court can hear this case however, it must first decide whether it has subject matter jurisdiction; and in doing so, it must first determine whether the amount in controversy exceeds $200,000. In effect, this Court must necessarily place a monetary quantification on Plaintiffs' right to be treated fairly.

■ In considering whether a particular controversy is within the jurisdictional limits of the Court, absolute certainty that the requisite amount is satisfied need not be met. Local Division 519. Etc. v. Lacrosse Municipal Transit Union, 585 F.2d 1340 (7th Cir. 1978). In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938), the Supreme Court ruled that "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." This "legal certainty test" for determining whether a particular controversy is within the boundaries of a court's exercise of its subject matter jurisdiction was adopted in Duvergee, Inc. v. Government, 22 V.I. 56 (Terr. Ct. 1986). In Duvergee, the court held that "the case at bar cannot be dismissed for lack of subject-matter jurisdiction since it has not been established to a legal certainty that the amount in controversy, if any, exceeds the jurisdictional limit of this court." Id. at 70 (emphasis

---

[3] Indeed, in their complaint the Plaintiffs allege that the Defendant acted arbitrarily and capriciously in deciding to negotiate a lease with Caribbean Airboats, Inc.

added). By analogy, the instant action must be dismissed if it appears to a legal certainty that the amount in controversy exceeds $200,000, the jurisdictional limit of this Court.

In Ambassador East, Inc. v. Orsatti, Inc., 257 F.2d 79 (3rd Cir. 1958), a case in which the plaintiff sought to enjoin an unauthorized use of a trade name, the court held that the jurisdictional amount was to be calculated on the basis of the property right being injured. Likewise, in Local Division 519. Etc. v. Lacrosse Municipal Transit Union, supra, at 1349, it was held that "[a]pplying the legal certainty test to a case seeking equitable relief, the jurisdictional amount is to be measured by the value to the complainant of the right which it seeks to protect." See also Browne v. Government, supra.

Accepting as true Plaintiffs' contention that the valuation of the underlying contract to lease Port Authority facilities is not at issue,[4] and that the only issue is Plaintiffs' right to be treated fairly in light of the alleged arbitrary and capricious actions of the Port Authority, it still appears to a legal certainty that the amount in controversy exceeds $200,000. It is undisputed, as alleged in the Complaint, that Plaintiffs have already expended in excess of $450,000 in preparing to bid, and before any of the bid proposals were even accepted by the Port Authority Plaintiffs had purchased or leased four seaplane aircraft and hired over 15 employees. They promised to pay the Port Authority $150,000 per year for five years for use of the Port Authority's facilities. In addition, they propose to build airport facilities costing in excess of $1 million. Under these circumstances, the Plaintiffs cannot in good faith claim that their right to be treated fairly in the context of this case, does not exceed the jurisdictional limits of this Court.

One can certainly appreciate the difficulty faced by the court in Browne v. Government, supra. The Browne court, called upon to determine the value of the right to an education, stated as follows:

> Even though the value of the right to an education is difficult to assess, this Court is willing to assume that it exceeds the jurisdictional limits of this Court. To infer that this Court has jurisdiction of this matter would be to place a value on plaintiffs' right to an education to be less than the Two Hundred Thousand

---

[4] Indeed, there is no present contract to lease Port Authority facilities. The Port Authority negotiates the contract after the bid is awarded. A contract may or may not result from the negotiations.

(200,000.00) Dollars jurisdictional limit of this Court. This Court rejects that position.

23 V.I. at 73. Significantly, in Browne, the court found persuasive the Government's introduction of evidence to show that it would cost over $1 million to build and repair educational facilities.

■ This Court, unlike the Court in Browne, does not have such a difficult task. At issue in the instant case is the awarding of a bid for which Plaintiffs have proposed to pay $150,000 each year for five years for a total sum of $750,000. If the Plaintiffs were to prevail and this Court were to grant Plaintiffs part of the relief they seek in their complaint, this Court would, in effect, be ruling that Plaintiffs are entitled to a lease which is worth, at the very least, $750,000 to them, for that is the amount they proposed to pay the Virgin Islands Port Authority. To hold that this Court has jurisdiction would be to totally ignore Plaintiffs' well-pleaded allegations. It clearly has been established to a legal certainty that the value to the Plaintiffs of the right they seek to protect in this action is in excess of $200,000. Consequently, the amount in controversy exceeds the jurisdictional limits of this Court. Since this Court therefore lacks subject matter jurisdiction, Plaintiffs' action must be dismissed.[5]

## ORDER

THIS MATTER is before the Court upon the motion of Defendant Caribbean Airboats, Inc., for judgment on the pleadings, and Plaintiffs' opposition thereto.

The Court is of the opinion that the Defendant is a necessary party to the proper determination of this action. Fed. R. Civ. P. 19(a)(2). Therefore, it is hereby

ORDERED that the Defendant's motion is DENIED.

DONE AND SO ORDERED this 13th day of February, 1991.

## ORDER

IN ACCORDANCE with the Memorandum Opinion issued this date, it is hereby

ORDERED that the Plaintiffs' Complaint is DISMISSED.

DONE AND SO ORDERED this 13th day of February, 1991.

---

[5] Because the Court has determined that it lacks subject matter jurisdiction, the other issues raised by the Port Authority were not addressed.